UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

LUCIANO VASQUEZ,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS BUREAU OF
HEALTHCARE SERVICES et al.,

        Defendants.
_____/

Case No. 1:24-cv-503

Honorable Paul L. Maloney

## ORDER TO FILE AMENDED COMPLAINT

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Plaintiff is currently incarcerated at Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. Plaintiff sues the Michigan Department of Corrections (MDOC) Bureau of Healthcare Services, the MDOC, the St. Louis Correctional Facility (SLF), the Saginaw Correctional Facility (SRF), and the Oaks Correctional Facility (ECF).

Plaintiff alleges that as of October 1, 2019, Defendant MDOC Bureau of Healthcare Services has been deliberately indifferent to Plaintiff's medical issues. Plaintiff also states that Defendant MDOC has intentionally ignored Plaintiff's medical conditions and medications, causing harm to Plaintiff. Plaintiff asserts that he has been transferred to several prisons including SLF, SRF, and ECF, and has attempted to get help from the Wardens and administration via letters from himself and family members. Plaintiff has also filed numerous grievances. Plaintiff alleges that his power of attorney has also contacted every facility since his incarceration. Plaintiff seeks damages and equitable relief. (Compl., ECF No. 1, PageID.3-4.)

Plaintiff's complaint, as pleaded, suffers from two defects. First, Plaintiff may not maintain a § 1983 suit against the MDOC or the MDOC Bureau of Healthcare Services. Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986). In numerous opinions, the United States Court of Appeals for the Sixth Circuit has specifically held that the MDOC is absolutely immune from a § 1983 suit under the Eleventh Amendment. *See, e.g.*, *Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013); *Diaz v. Mich. Dep't of Corr.*, 703 F.3d 956, 962 (6th Cir. 2013); *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010). Moreover, the State of Michigan (acting through the MDOC) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989)); *Harrison*, 722 F.3d at 771. For those reasons, Plaintiff fails to state a claim against Defendants MDOC and MDOC Bureau of Healthcare Services.

In addition, Defendants SLF, SRF, and ECF are not persons under § 1983. An express requirement of 42 U.S.C. § 1983 is that the defendant be a "person." *See Monell v. Dep't of Social Servs.*, 436 U.S. 658 (1978). SLF, SRF, and ECF are administrative units of the MDOC. Neither a prison nor a state corrections department is a "person" within the meaning of section 1983. *Will*, 491 at 66. Furthermore, as with Plaintiff's claims against Defendants MDOC and MDOC Bureau

2

of Healthcare Services, Plaintiff's claims against these Defendants are also barred by the Eleventh Amendment. *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Defendants SLF, SRF, and ECF are therefore not subject to a section 1983 action.

Finally, Plaintiff's complaint is entirely lacking in specific factual allegations. While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. The court need not accept "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)). As detailed above, Plaintiff's complaint is entirely conclusory.

For the reasons set forth herein, Plaintiff's complaint is subject to dismissal. The Court, however, will grant Plaintiff leave to file an amended complaint to correct this deficiency. *See Rashada v. Flegel*, No. 23-1674, 2024 WL 1367436, at *4–5 (6th Cir. Apr. 1, 2024) (suggesting that *pro se* plaintiffs should be permitted leave to amend in the interest of justice given the "highly technical nature of pleading official and personal capacity claims").

The Court directs the Clerk to send to Plaintiff a copy of the form complaint under 42 U.S.C. § 1983 for a civil action by a person in state custody. Plaintiff shall submit an amended complaint by filing his complaint on the requisite form within twenty-eight (28) days from the date

of entry of this order. The amended complaint will take the place of the original complaint, so it must include all of the Defendants that Plaintiff intends to sue and all of the claims that Plaintiff intends to raise. Plaintiff must allege, in chronological order, what each Defendant did or did not do on each date. Plaintiff need not re-submit supporting exhibits filed with the original complaint. The case number shown above must appear on the front page of the amended complaint. Plaintiff is advised that he may attach additional sheets of paper to his amended complaint if he requires more room to set forth his factual allegations. If Plaintiff fails to submit an amended complaint in proper form within the time allowed, the Court may dismiss the complaint without prejudice.

**IT IS SO ORDERED**.

Dated:   7/22/2024                                          /s/ Ray Kent
                                                                        Ray Kent
                                                                        United States Magistrate Judge