UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
____

LUCIANO VASQUEZ,

        Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS BUREAU OF
HEALTHCARE SERVICES et al.,

        Defendants.
_____/

Case No. 1:24-cv-503

Honorable Paul L. Maloney

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim.

**Discussion**

I.  **Factual Allegations**

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Bellamy Creek Correctional Facility (IBC) in Ionia, Ionia County, Michigan. The events about which he complains, however, occurred at the Oaks Correctional Facility (ECF) in Manistee, Manistee County, Michigan, the Michigan Reformatory (RMI) in Ionia, Ionia County, Michigan, the St. Louis Correctional Facility (SLF) in St. Louis, Gratiot County, Michigan, the Saginaw County Correctional Facility (SRF) in Freeland, Saginaw County, Michigan, the Richard A. Handlon Correctional Facility (MTU) in Ionia, Ionia County, Michigan, and the Ionia Correctional Facility (ICF) in Ionia, Ionia County, Michigan.

In Plaintiff's initial complaint, he named the following parties as Defendants: the Michigan Department of Corrections (MDOC) Bureau of Healthcare Services, the MDOC, the St. Louis Correctional Facility (SLF), the Saginaw Correctional Facility (SRF), and the Oaks Correctional Facility (ECF). (Comp., ECF No. 1.) In his original complaint, Plaintiff alleged that as of October 1, 2019, Defendant MDOC Bureau of Healthcare Services had been deliberately indifferent to Plaintiff's medical issues and that the MDOC had intentionally ignored Plaintiff's medical conditions and medications, causing harm to Plaintiff. Plaintiff asserted that he had been transferred to several prisons including SLF, SRF, and ECF, and had attempted to get help from the Wardens and administration via letters from himself and family members. Plaintiff also filed numerous grievances. Finally, Plaintiff stated that his power of attorney had also contacted every facility since his incarceration. (*Id.*, PageID.3–4.)

On July 22, 2024, the Court directed Plaintiff to file an amended complaint stating that his complaint, as pleaded, was subject to dismissal because Defendants MDOC and MDOC Bureau of Healthcare Services are absolutely immune from a § 1983 suit under the Eleventh Amendment

2

and are not a "person" who may be sued under § 1983 for money damages. (ECF No. 4.) The Court further noted that Defendants SLF, SRF, and ECF are not persons under § 1983. (*Id.*) Finally, the Court noted that Plaintiff's complaint was entirely lacking in specific factual allegations. (*Id.*)

Plaintiff filed an amended complaint on August 12, 2024, naming new Defendants. In his amended complaint, Plaintiff sues Unknown Party #1 ("Administration"), Unknown Party #2 ("Doctors"), Unknown Party #3 ("Wardens"), Wellpath Healthcare, Doctor Robert Troost, Nurse Practitioner Unknown Brown, Sergeant Unknown Jones, Warden Michael Burgass, Warden Melinda Broman, Warden John Christianson, Warden Adam Douglas, and Henry Ford Neurology. (ECF No. 5, PageID.16–18.)

Plaintiff alleges that as of October 19, 2019, each of the named Defendants have been deliberately indifferent to Plaintiff's medical conditions, chronic pain, and medications. (*Id.*, PageID.19.) Plaintiff makes a conclusory assertion that Defendants have ignored his needs and delayed appointments and treatment at all facilities mentioned, including ECF, MTU, SLF, SRF, and IBC. Plaintiff has filed multiple grievances and his mother and power of attorney have contacted prison officials in an attempt to resolve the issue. (*Id.*)

Plaintiff asserts that "[a]ll parties [he] mentioned maliciously – malpractice causing sleep[less] night and days with out medications, 'Complete Failed' in necessary treatment over five (5) years, prescribing alternate medications that were not appropriate ("causing serious harm") to [Plaintiff] mentally and physically." (*Id.*, PageID.20.) Plaintiff states that Defendants' conduct violates that Eighth Amendment and constitutes the negligent infliction of emotional distress. (*Id.*) Plaintiff also refers to Defendants' conduct as "malicious malpractice." (*Id.*, PageID.21.)

Plaintiff seeks damages and injunctive relief.

3

## II.   Failure to State a Claim

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). A complaint may be dismissed for failure to state a claim if it fails "to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Id.*; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570.

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

4

Plaintiff broadly contends that Defendants, who are largely unspecified officials, prevented him from receiving proper health care. By way of example, in addition to the allegations quoted *supr*a, Plaintiff alleges:

> As of Oct 1 2019 ("All") Defendant[]s (has and are) deliberately indifferent to (All) medical and medication(s). They intentionally ignored my ("medical" and "chronic pain") which violate[]s of the (8th) Eighth Am[]endment ("Causing Harm") ("All Defendant(s)") have intentionally (Ignored), ("postponed") ("lied") medical documents maliciously ("Delaying Examination and Treatment") ("Failed medication[")] ("Inappropriate Claims and Conditions") ("Unlawful Duress") ("Coercion"), ("Barratry"), ("extort"), (unjustifiable unconstitutional) ("Causing Injury").

(Am. Compl., ECF No. 1, PageID.19.) Plaintiff's complaint consists solely of such conclusory assertions of wrongdoing. Conclusory allegations of unconstitutional conduct without specific factual allegations fail to state a claim under § 1983. *See Iqbal*, 556 U.S. at 678–79; *Twombly*, 550 U.S. at 555. For that reason alone, Plaintiff's complaint is properly dismissed.

### A.    Failure to Attribute Allegations of Wrongdoing to Specific Defendants

Additionally, it is a basic pleading essential that a plaintiff attribute factual allegations to particular defendants. *See Twombly*, 550 U.S. at 555–61 (holding that, in order to state a claim, a plaintiff must make sufficient allegations to give a defendant fair notice of the claim). Where a person is named as a defendant without an allegation of specific conduct, the complaint is subject to dismissal, even under the liberal construction afforded to *pro se* complaints. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) (dismissing complaint where plaintiff failed to allege how any named defendant was involved in the violation of his rights); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (dismissing plaintiff's claims where the complaint did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of rights).

Here, Plaintiff attributes his conclusory statements of wrongdoing to "Defendants" as a group. Any "[s]ummary reference to a single, five-headed 'Defendants' does not support a reasonable inference that *each* Defendant is liable . . . ." *Boxill v. O'Grady*, 935 F.3d 510, 518 (6th Cir. 2019) (citation omitted). "This court has consistently held that damage claims against governmental officials alleged to arise from violations of constitutional rights cannot be founded upon conclusory, vague or general allegations, but must instead, allege facts that show the existence of the asserted constitutional rights violation recited in the complaint and what *each* defendant did to violate the asserted right." *Terrance v. Northville Reg'l Psychiatric Hosp.*, 286 F.3d 834, 842 (6th Cir. 2002) (citation omitted). Therefore, Plaintiff's claims against "Defendants" fall far short of the minimal pleading standards under Rule 8 of the Federal Rules of Civil Procedure and are subject to dismissal. Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief"). Because Plaintiff's allegations fail to provide notice to each Defendant regarding the nature of Plaintiff's claim against him or her the amended complaint is properly dismissed for failure to state a claim upon which relief may be granted.

### B.  Supervisory Liability

Moreover, to the extent that Plaintiff seeks to hold supervisory officials such as Defendants Unknown Party #1 ("Administration"), Unknown Party #3 ("Wardens"), Warden Burgass, Warden Broman, Warden Christianson, and Warden Douglas liable for the actions of their subordinates, government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 556 U.S. at 676; *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575–76 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th

6

Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 576; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover, § 1983 liability may not be imposed simply because a supervisor denied an administrative grievance or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.

Because Plaintiff has failed to allege any facts showing that any of the supervisory Defendants engaged in conduct which violated Plaintiff's constitutional rights, his amended complaint against the supervisory Defendants is properly for failure to state a claim.

C.     **Eighth Amendment**

The Eighth Amendment prohibits the infliction of cruel and unusual punishment against those convicted of crimes. U.S. Const. amend. VIII. The Eighth Amendment obligates prison authorities to provide medical care to incarcerated individuals, as a failure to provide such carem would be inconsistent with contemporary standards of decency. *Estelle v. Gamble*, 429 U.S. 97, 103–04 (1976). The Eighth Amendment is violated when a prison official is deliberately indifferent to the serious medical needs of a prisoner. *Id.* at 104–05; *Comstock v. McCrary*, 273 F.3d 693, 702 (6th Cir. 2001).

A claim for the deprivation of adequate medical care has an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To satisfy the objective component, the plaintiff must allege that the medical need at issue is sufficiently serious. *Id.* In other words, the inmate must show that he is incarcerated under conditions posing a substantial risk of serious harm. *Id.* The objective component of the adequate medical care test is satisfied "[w]here the

7

seriousness of a prisoner's need[] for medical care is obvious even to a lay person." *Blackmore v. Kalamazoo Cnty.*, 390 F.3d 890, 899 (6th Cir. 2004); *see also Phillips v. Roane Cnty.*, 534 F.

The subjective component requires an inmate to show that prison officials have "a sufficiently culpable state of mind" in denying medical care. *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000). Deliberate indifference "entails something more than mere negligence," but can be "satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Farmer,* 511 U.S. at 835. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

Plaintiff's allegations do not set forth facts from which the Court might infer that he has a serious medical need[1] or that one or more Defendants knew of the risk of harm to Plaintiff because of that need and then disregarded the risk. All that Plaintiff alleges is that he was in pain and Defendants failed to fix it. Such conclusory allegations are not sufficient to state an Eighth Amendment claim against Defendants. For that reason also, Plaintiff's complaint is properly dismissed.

**D.**     **State-Law Claims**

Plaintiff's allegations are not limited to federal constitutional violations. He also makes passing reference to common law wrongs that might be actionable under state law, i.e., duress, coercion, barratry, extortion, malpractice, and negligent infliction of emotional distress. To the

---

[1] In Plaintiff's request for relief, he provides some possible clues with regard to his medical needs. He indicates that the wants an air mattress, his "CDL," the "screws removed," physical therapy, and to be returned to a professional normal life, apparently like his life was before his "E.R.D." Presumably, "E.R.D." is esophageal reflux disease. It is certainly not clear which medical need or needs form the foundation for his claims; nor is it clear which Defendant is accused of disregarding the risks associated with any particular medical need.

extent that Plaintiff intended to bring any state law claims in this action, any assertion that Defendant violated state law fails to state a claim under § 1983. *Pyles v. Raisor*, 60 F.3d 1211, 1215 (6th Cir. 1995); *Sweeton v. Brown*, 27 F.3d 1162, 1166 (6th Cir. 1994).

Further, in determining whether to retain supplemental jurisdiction over state law claims, "[a] district court should consider the interests of judicial economy and the avoidance of multiplicity of litigation and balance those interests against needlessly deciding state law issues." *Landefeld v. Marion Gen. Hosp., Inc.*, 994 F.2d 1178, 1182 (6th Cir. 1993). Dismissal, however, remains "purely discretionary." *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 639 (2009) (citing 28 U.S.C. § 1367(c)). Here, the Court will dismiss all os Plaintiff's federal claims against Defendants, and the balance of the relevant considerations weighs against the continued exercise of supplemental jurisdiction. Therefore, Plaintiff's state law claims will be dismissed without prejudice.

## **Conclusion**

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Plaintiff's complaint will be dismissed for failure to state a claim, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Although the Court concludes that Plaintiff's claims are properly dismissed, the Court does not conclude that any issue Plaintiff might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Accordingly, the Court does not certify that an appeal would not be taken in good faith. Should Plaintiff appeal this decision, the Court will assess the $605.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610–11, unless Plaintiff is barred from proceeding *in forma*

*pauperis*, *e.g.*, by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $605.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A judgment consistent with this opinion will be entered.


Dated:   September 26, 2024                         /s/ Paul L. Maloney
                                                    Paul L. Maloney
                                                    United States District Judge